```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RICHARD PEREZ,                                          :

                Plaintiff,                              :       10 Civ. 4287 (GWG)

        -against-                                       :       OPINION AND ORDER

JORGE GUERRERO,                                         :

                Defendant.                              :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Perez sues to recover damages for injuries sustained in an automobile accident. Perez originally filed his complaint in the Supreme Court of Bronx County. The defendant, Jorge Guerrero, removed the case to this Court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship. The parties have consented to the disposition of this action by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Guerrero has now moved for summary judgment. For the reasons stated below, the motion is denied.

I.      BACKGROUND

        A.      Undisputed Facts

This case arises out of an automobile accident that occurred on Morningside Avenue in Manhattan on December 12, 2006. See Rule 56.1 Statement, dated Feb. 9, 2011 (annexed to Notice of Motion for Summary Judgment, filed Feb. 10, 2011 (Docket # 12) ("Notice of Motion")) ("Def. 56.1 Statement") ¶¶ 1, 8-9; Rule 56 Counterstatement of Facts, filed Mar. 15, 2011 (Docket # 15) ("Pl. 56.1 Statement") ¶¶ 1, 3. At a little before 4:00 p.m., Guerrero was at the intersection of 116th Street and Morningside Avenue. See Jorge Guerrero Deposition ("Guerrero Dep."), dated Oct. 29, 2010 (annexed as Ex. F to Notice of Motion) at 27, 29, 36-37; Def. 56.1 Statement ¶ 1; Pl. 56.1 Statement ¶¶ 1, 10. Morningside Avenue is a two-way street

with two lanes of traffic in each direction.  See Guerrero Dep. at 28.  Guerrero turned into the right, northbound lane of Morningside Avenue.  See id. at 29; Pl. 56.1 Statement ¶ 12.  About "half a block" later, he switched into the left lane.  Guerrero Dep. at 29-30; see Pl. 56.1 Statement ¶ 12.

Perez was in a car behind Guerrero, and Perez also turned right from 116th Street into the right lane of Morningside Avenue.  See Perez Deposition, dated Oct. 29, 2010 (annexed as Ex. E to Notice of Motion) ("Perez Dep.") at 32, 46, 48-49; Pl. 56.1 Statement ¶¶ 21, 24.  Perez remained in the right lane until the accident, when the front of Perez's vehicle came into contact with the rear of Guerrero's vehicle.  See Def. 56.1 Statement ¶¶ 2, 5, 6, 9, 11; Pl. 56.1 ¶¶ 26-29; Perez Dep. at 62-63, 67, 157-58.

B.   The Instant Proceedings

Perez commenced this action in New York Supreme Court, Bronx County.  See Verified Complaint, dated Oct. 1, 2009 (annexed as Ex. A to Notice of Removal, filed May 27, 2010 (Docket # 1) ("Notice of Removal")).  On May 27, 2010, Guerrero removed the case to this Court.  See Notice of Removal.  Following discovery, Guerrero moved for summary judgment on liability pursuant to Fed. R. Civ. P. 56.[1]

---

[1] See Notice of Motion; Def. 56.1 Statement; Declaration in Support, dated Feb. 9, 2011 (annexed to Notice of Motion); Memorandum of Law in Support of Defendant Jorge Guerrero's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, dated Feb. 9, 2011 (annexed to Notice of Motion) ("Def. Mem."); Affirmation in Opposition, filed Mar. 15, 2011 (Docket # 13); Plaintiff's Memorandum of Law in Opposition to Defendant Jorge Guerro's [sic] Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, filed Mar. 15, 2011 (Docket # 14); Pl. 56.1 Statement; Reply Affirmation in Support of Defendant Jorge Guerrero's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, filed Mar. 30, 2011 (Docket # 16).

II.     SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (internal quotation marks and citation omitted) (alteration in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996)

(citing Anderson, 477 U.S. at 247-48).

Because the parties have relied on New York State law in presenting their arguments to this Court, we assume that New York law applies to this diversity action. See, e.g., Merrill Lynch Interfunding, Inc. v. Argenti, 155 F.3d 113, 121 n.5 (2d Cir. 1998) (citation omitted).

III.   DISCUSSION

Guerrero argues that he cannot be liable to Perez because he was hit from behind. Under New York law, "a driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions." Malone v. Morillo, 6 A.D.3d 324, 325 (1st Dep't 2004) (internal quotation marks and citations omitted). This duty is codified in New York Vehicle and Traffic Law § 1129(a), which provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Id. New York courts have held that "any rear-end collision establishes a prima facie case of negligence on the part of the rear-ending driver." De La Cruz v. Ock Wee Leong, 16 A.D.3d 199, 200 (1st Dep't 2005) (citing Johnson v. Phillips, 261 A.D.2d 269, 271 (1st Dep't 1999)). "When such a rear-end collision occurs, the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision." Johnson, 261 A.D.2d at 271 (citing cases). The duty of providing an explanation is imposed upon the operator of the moving vehicle "because he or she is in the best position to explain whether the collision was due to a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or some other reasonable cause." Leal v. Wolff, 224 A.D.2d 392, 393 (2d Dep't

1996) (citation omitted).  This same presumption and burden-shifting is followed in federal courts applying New York law.  See, e.g., Hyacinthe v. U.S., 2009 WL 4016518, at *7 (E.D.N.Y. Nov. 19, 2009); Krynski v. Chase, 707 F. Supp. 2d 318, 323 (E.D.N.Y. 2009); Moskovitz v. Dean, 2001 WL 1442674, at *1 (S.D.N.Y. Nov. 15, 2001).

The parties do not dispute that the vehicle operated by Perez came into contact with the rear end of the vehicle operated by Guerrero.  See Def. 56.1 Statement ¶ 6; Perez Dep. at 67.  Thus, Guerrero has made out a prima facie claim of negligence.  See, e.g., De La Cruz, 16 A.D.3d at 200.  The remaining question is whether Perez has provided a "non-negligent explanation" for the collision.  Johnson, 261 A.D.2d at 271 (citing cases).

Perez testified that Guerrero's "car went to the right lane, to the lane that [Perez] was [in], without putting [on] the right signal.  And he went fast, cutting [Perez] off, and that is when" the accident occurred."  Perez Dep. at 53.  Perez explained that Guerrero "tried to cut [him off]" and that Guerrero "swerved his car without putting [on] his right light to turn."  Id. at 62; accord id. at 63.  New York Vehicle and Traffic Law § 1163 states that "[n]o person shall . . . turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety" and that "[n]o person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided."  Id. § 1163(a).  In addition, New York Vehicle and Traffic Law § 1128 provides that "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  Id. §§ 1128, 1128(a).

If taken as true, Perez's testimony reflects that Guerrero contributed to the accident by turning suddenly from the left lane into the right lane where Perez's vehicle was located in

5

violation of Vehicle and Traffic Law § 1128(a), and by failing to give proper signals in violation of Vehicle and Traffic Law § 1163(a). Thus, Perez has provided a "non-negligent explanation" for the collision, Johnson, 261 A.D.2d at 271, inasmuch as he has testified that the accident was caused by Guerrero's improper movement into the right lane. See, e.g., Abbott v. Picture Cars East, Inc., 78 A.D.3d 869, 869-70 (2d Dep't 2010) ("The Supreme Court properly denied the plaintiff['s] [summary judgment] motion as [defendant's] affidavit was sufficient to raise triable issues of fact regarding whether [plaintiff] contributed to the accident by making an unsafe lane change in violation of Vehicle and Traffic Law § 1128(a), and then applying his brakes in front of [defendant's] vehicle.") (citations omitted); Costa v. Eramo, 76 A.D.3d 942, 942-43 (2d Dep't 2010) (reversing summary judgment where "sufficient evidence was submitted . . . to raise triable issues of fact as to whether . . . the driver of the lead vehicle[] contributed to the accident by making a sudden stop and failing to give a proper turn signal in compliance with Vehicle and Traffic Law § 1163.") (citations omitted); Klopchin v. Masri, 45 A.D.3d 737, 738 (2d Dep't 2007) ("The defendants' assertion that the injured plaintiff made a sudden stop and failed to give proper signals, as required by Vehicle and Traffic Law § 1163, contradicted the injured plaintiff's contention and, if believed, provided a nonnegligent explanation for the rear-end collision.") (citations omitted); Maschka v. Newman, 262 A.D.2d 615, 616 (2d Dep't 1999) (affirming denial of summary judgment where "there exist[ed] issues of fact concerning whether the defendant contributed to the accident by making a sudden stop and failing to give proper signals in compliance with Vehicle and Traffic Law § 1163") (citing Galitsis-Orengo v. MCL Imports, 251 A.D.2d 285 (2d Dep't 1998); Crowley v. Acampora, 144 A.D.2d 330 (2d Dep't 1988)).

Guerrero does not contest this analysis, but rather attacks its foundation on the ground

that it relies on a portion of Perez's deposition testimony that Perez himself contradicted at another point in his deposition.  See Def. Mem. at 1.  Perez testified that Guerrero swerved into the right lane without signaling, specifically noting that at the time of contact between the cars, a "quarter of [Guerrero's] car" entered into the lane in which Perez was driving.  Perez Dep. at 157-58.  At another point in his deposition, however, Perez testified that "[n]o portion[]" of Guerrero's vehicle was in the right lane at the time of contact, Perez Dep. at 64, that Guerrero's vehicle was "completely in the left lane," and that Perez's own vehicle was "completely in the right lane" at this time, id. at 65.

      While the Court concurs that this testimony is inconsistent with Perez's other testimony, we do not believe that this discrepancy is enough to grant summary judgment to Guerrero.  In light of Perez's unequivocal and detailed testimony that Guerrero "cut[] [him] off," and "went [in]to the right lane," Perez Dep. at 53; accord id. at 62 (Guerrero "tried to cut [Perez off], he swerved his car without putting his right light [on] to turn"), Perez's contradictory testimony may have been due to Perez's not having understood the opposing attorney's questions.  Various portions of the deposition testimony indicate that Perez's English is not fluent.  Moreover, if Perez's "no portion[]" answer was taken literally, it would represent a physical impossibility as it would mean that the two cars were in contact with each other at a time that one car was wholly within the left lane and the other car was wholly within the right lane.  Accordingly, a reasonable jury could find that Perez's contradictory answers were based on a misunderstanding and could choose to accept Perez's testimony that Guerrero swerved into the lane in which Perez was driving.

Conclusion

      Guerrero's motion for summary judgment (Docket # 12) is denied.

Dated: May 11, 2011
       New York, New York

                                                          GABRIEL W. GORENSTEIN
                                                          United States Magistrate Judge

Conclusion

    Guerrero's motion for summary judgment (Docket # 12) is denied.

Dated: May 11, 2011
       New York, New York

                                          GABRIEL W. GORENSTEIN
                                          United States Magistrate Judge